UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**TRAVIS S. JONES**                                                                       **PLAINTIFF**

**v.**                                                                  **CIVIL ACTION NO. 4:24-CV-127-JHM**

**DAVIESS COUNTY DETENTION CENTER et al.**                                **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff Travis S. Jones, a prisoner proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff, a convicted prisoner incarcerated at the Eastern Kentucky Correctional Complex, filed the instant complaint on October 31, 2024.[1] (DN 1). He sues Defendants Daviess County Detention Center and Jailer Arthur Maglinger.

Plaintiff's complaint alleges that in "October 2018 while incarcerated at Daviess County Detention Center," he was "in the hole," when "word got out that [Plaintiff was] in on a sex case." (DN 1, PageID.4). He alleges that there were "threats of pursuing sexual acts against [him], showing [him] how they can manipulate the doors, allowing them to exit their cells at any time." (*Id*.). Plaintiff reported to corrections officers that he feared for his safety, but he was returned to

---

[1] Under the prisoner mailbox rule, a civil action is deemed filed on the date that it is deposited in the prison mail system for mailing. *See Richard v. Ray*, 290 F.3d 810, 813 (6th Cir. 2002) (holding that the mailbox rule "applies to civil complaints filed by pro se petitioners incarcerated at the time of filing"). In this case, Plaintiff's complaint is undated, he did not provide a date when it was presented to prison authorities for mailing, and there is no postmark on the envelope for the original complaint. (DN 1, PageID.7). However, Plaintiff attached to the complaint his inmate identification card bearing a notarized signature dated October 31, 2024. (DN 1-1). The Court has therefore utilized this date in its analysis.

the same cell. (*Id*.). Following that, Plaintiff alleges that he had urine sprayed on him, he was spat upon, and had trays thrown at him. (*Id*.). He had threats posed to him, and his cell was flooded. (*Id*.). Corrections officers would "either laugh or encourage the horrific events or acts." (*Id*. at PageID.4-5).

Plaintiff alleges that the harassment worsened, and that he continued to notify corrections officers, however each time he was removed from his cell he would be returned. (*Id*., PageID.5). When placed with another cellmate, other inmates "would offer payments for [his cellmate] to fight [him]." (*Id*.). As a result, Plaintiff was unable to sleep, and was drained "emotionally, mentally, and physically." (*Id*.). After his cellmate was released, Plaintiff alleges that he was then assaulted by two inmates in the shower. He "yelled and screamed," but he did not receive assistance. (*Id*.). Finally, corrections officers "remove[d] him and replace[d] [him] to a holding cell." (*Id*. at PageID.6). Plaintiff alleges that he suffers from PTSD and anxiety. (*Id*.). Plaintiff states that he was "shipped as soon as [his] final court date was over to another jail . . . ." (*Id.*).

As relief, Plaintiff seeks monetary damages.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v.*

*MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002).

Though the applicable statute of limitations is determined by state law, the date on which the statute of limitations begins to run is determined by federal law. *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007). Generally, "accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal quotation marks, brackets, and citations omitted). A claim under § 1983 "accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015) (quoting *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005)).

It is clear from the complaint that Plaintiff knew or should have known of his alleged injuries in October 2018, when the incidents occurred. The one-year statute of limitations for Plaintiff's claims expired, at the latest, on October 31, 2019, and his complaint was filed on October 31, 2024. Thus, his claims accrued approximately six years before he initiated this litigation. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("[A]ccrual occurs when the plaintiff

3

has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief.") (internal quotation marks, brackets, and citations omitted). The Court therefore dismisses Plaintiff's claims for failure to state a claim upon which relief may be granted. *See Jones v. Bock*, 549 U.S. at 215 ("[I]f the allegations, taken as true . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]").

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date:   January 15, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.015

4